UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50092-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER MODIFYING |
| vs. | ) | CONDITIONS OF RELEASE |
| | ) | |
| EDWARD J.S. PICARDI, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

This action is before the court pursuant to an indictment filed by the government on September 21, 2010, against defendant Edward J.S. Picardi, M.D. (Docket 1). The indictment charges Dr. Picardi with five counts of income tax evasion. Id. On September 28, 2010, Dr. Picardi appeared before Magistrate Judge Veronica L. Duffy for an initial appearance, arraignment, and detention hearing. (Docket 5). Judge Duffy ordered Dr. Picardi released on his personal recognizance and imposed numerous conditions. (Docket 7). As a condition of release, Judge Duffy ordered Dr. Picardi to surrender his passport to the Clerk of Court and prohibited him from obtaining a new passport. Id. at ¶ 7. On March 18, 2011, Dr. Picardi moved to modify the conditions of his release. (Docket 33). Dr. Picardi requested the temporary return of his passport to travel internationally on two trips to Italy. Id. The government opposed the motion. (Docket 34). On March 23, 2011, after conducting a hearing, Judge Duffy denied the motion on the basis Dr. Picardi was a flight risk if allowed to travel internationally. (Docket 35). Dr. Picardi appealed

pursuant to 18 U.S.C. § 3145. (Docket 36). This court held a hearing on Dr. Picardi's appeal on April 6, 2011. (Docket 37). The government argued against the temporary return of Dr. Picardi's passport only on the basis Dr. Picardi allegedly was a flight risk.

"When considering appeals of pre-trial detention orders, a district court reviews the magistrate's decision de novo." United States v. Stenger, 536 F. Supp. 2d 1022, 1025 (S.D. Iowa 2008) (citing United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985)). The burden is on the government to demonstrate by a preponderance of evidence that no condition or set of conditions will reasonably assure Dr. Picardi's appearance at future court proceedings. United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).

The government failed to carry its burden. Despite the court's repeated invitation to do so, the government presented *no* evidence demonstrating Dr. Picardi is likely to flee if allowed to travel internationally. Of note, the government did not call any witnesses to support its arguments despite the fact the IRS case agent was present during the hearing.

The court finds Dr. Picardi is not a risk of flight under the Bail Reform Act, 18 U.S.C. § 3141 et seq., if allowed to travel internationally on two limited occasions. In support of this ruling, the court incorporates by reference its detailed factual findings made at the April 6, 2011, hearing. Good cause appearing, it is hereby

ORDERED that the order setting conditions of release (Docket 7 as modified by Docket 27) shall be modified to add the following conditions:

(1) Defendant shall be allowed to travel to Italy from April 19, 2011, to April 30, 2011, and again from July 26, 2011, to August 12, 2011. Prior to the first trip, defendant may obtain his passport from the Clerk of Court on Monday, April 18, 2011, and shall return his passport to the Clerk of Court by no later than 9 a.m. on Monday, May 2, 2011. Prior to the second trip, defendant may obtain his passport from the Clerk of Court on Monday, July 25, 2011, and shall return his passport to the Clerk of Court by no later than 9 a.m. on Monday, August 15, 2011.

(2) Defendant shall post as security his real property located in Meade County, South Dakota. An agreement to forfeit real property shall be filed under separate order of the court.

Dated April 7, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE